United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MANUEL CINTRON,** | ) | Criminal Action No. |
| | ) | 07-10409-NMG |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In August, 2015, this Court dismissed the habeas petition of Manuel Cintron ("Cintron" or "defendant"). In December, 2017, the First Circuit Court of Appeals directed this Court to issue or deny a certificate of appealability with respect to his petition. For the following reasons, this Court will deny such a certificate.

## I. Background

In June, 2009, defendant pled guilty to a two-count indictment charging him with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). In December, 2009, the Court sentenced defendant to a term of imprisonment of 158 months followed by six years of supervised release. Defendant appealed his sentence to the First Circuit Court of Appeals, contending that

it was substantively unreasonable.  In November, 2010, the First Circuit granted the government's motion for summary disposition, affirming the judgment of this Court.  In December, 2013, Cintron filed a motion to withdraw his plea of guilty which this Court denied in February, 2014.

In May, 2015, Cintron filed a habeas petition pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence on grounds of newly discovered evidence.  Specifically, Cintron alleged that the investigation of the "Hinton Laboratory Scandal" was still underway and that the government had failed to produce "all discovery of defendant[s] that have been affected".  The government opposed that petition, contending that the § 2255 petition was time-barred and that the doctrine of equitable tolling did not apply.  The government also suggested that the § 2255 petition failed on its merits because (1) the defendant was sentenced as a career offender and not based upon drug weight and (2) chemist Annie Dookhan was the "secondary" on only two of the six drug certifications in the case.

In August, 2015, this Court entered an order denying the § 2255 petition "[b]ecause the petition is time barred and also because it fails on the merits".  Cintron filed his notice of appeal in October, 2015 and a motion to appoint counsel in February, 2016.  On December 26, 2017, the First Circuit

requested that this Court promptly issue or deny a certificate of appealability.

**II. Legal Analysis**

    **A. Standard**

Section 2253(c) of Title 28 of the United States Code provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In order to make a "substantial showing," a petitioner seeking a Certificate of Appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  To meet the debatable-among-jurists-of-reason standard the petitioner must prove "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

    **B. Application**

Cintron fails to demonstrate that "reasonable jurists could debate" whether his petition for writ of habeas corpus should have been decided differently. Slack, 529 U.S. at 484.  First, Cintron's petition is time-barred by the one-year statute of limitations. 28 U.S.C. § 2255(f).  Cintron's petition relies on

the misconduct of Annie Dookhan at the Hinton State Laboratory Institute but he failed to file his petition within one year of discovering that evidence. The doctrine of equitable tolling does not apply here because Cintron does not provide any factual allegations supporting his claim that the government withheld discovery related to the Hinton Laboratory scandal. See Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2008) (stating that equitable tolling is reserved for "exceptional cases" and not where the claimant "simply failed to exercise due diligence in preserving his legal rights"). Furthermore, Cintron's petition fails on the merits. Dookhan was involved in only two of the six drug certifications in this case and even if the Court were to exclude the drug weight of those two convictions, the relevant guideline range would remain the same.

Accordingly, the motion for a certificate of appealability with respect to the Cintron's habeas petition will be denied.

## ORDER

In accordance with the foregoing, petitioner's motion for a Certificate of Appealability is **DENIED.**
**So ordered.**

/s/ Nathaniel M. Gorton\_\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated December 28, 2017